**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| N'Genuity Enterprises Co., an Arizona corporation, | No. CV-09-385-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Pierre Foods, Inc., *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Clarification and/or for Reconsideration. (Dkt. # 48.) For the following reasons, the Court denies the Motion.

On September 9, 2009, the Court granted-in-part and denied-in-part Defendants' motion to dismiss (Dkt. # 45). One portion of that Order dismissed Plaintiff's fraudulent inducement claim because the claim had been discharged by the confirmation of Pierre Foods' bankruptcy plan on December 12, 2008. (*Id.* at 13–16.) Plaintiff filed this Motion on October 1, 2009, challenging that portion of the order.

**I.       The Motion for Reconsideration Is Untimely.**

Local Rule of Civil Procedure 7.2(g)(2) provides, "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Here, Plaintiff's Motion for

1 Reconsideration is untimely because it was filed more than fourteen days after the Court issued its order.[1]

Plaintiff also has not shown good cause for the delay. "Good cause" primarily considers a party's diligence in filing the motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (analyzing good cause in the context of Federal Rule of Civil Procedure 16). Plaintiff contends it has shown good cause because, on September 22, 2009, the parties filed a stipulated motion for extension of time to file a motion for reconsideration. (Dkt. # 46.) On September 30, however, the Court denied the motion for an extension of time because the parties had not demonstrated good cause for why an extension was necessary. (Dkt. # 47.) Plaintiff cannot use its previous failed attempt to receive an extension into what would amount to another request for an extension. Plaintiff has proffered no other good cause reason for the delay, and the Court accordingly denies the Motion as untimely.

## II. The Motion for Reconsideration Is Otherwise Procedurally Improper.

Even if the Motion for Reconsideration had been timely, reconsideration would still be inappropriate. "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L. R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"), *cert. denied*, 512 U.S. 1236; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law,

---

[1] This fourteen-day rule took effect December 1, 2009. The previous version of Local Rule 7.2(g) allowed only ten days to file a motion for reconsideration. Plaintiff's motion is untimely under either version of Local Rule 7.2(g).

or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to "'rethink what the Court had already thought through.'" *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 309 (D. Ariz. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, these issues "should be directed to the court of appeals." *Id.* Moreover, "[a] district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999); *see also Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (holding that a district court had discretion to "declin[e] to consider an argument raised for the first time on reconsideration without a good excuse").

Here, Plaintiff's Motion for Reconsideration is inappropriate because it raises issues that it could have discussed in earlier briefing. Plaintiff contends that the Court misapplied Ninth Circuit law regarding claim accrual for purposes of discharge in bankruptcy. As the Court previously noted, "a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." (Dkt. # 45 at 13) (citing *In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir. 2009)). Applying this rule, the Court dismissed Plaintiff's fraudulent inducement claim because any events that might have induced Plaintiff into a contractual relationship must have occurred prior to the bankruptcy discharge date; this was especially true given that Plaintiff admitted in its Complaint that it stopped placing orders from Pierre Foods in November 2008, about a month before the December 2008 bankruptcy order.

In its Response to the original motion to dismiss, Plaintiff did not cite Ninth Circuit law governing the discharge of claims, but instead cited Third Circuit law, presumably because the bankruptcy petition was filed in the Third Circuit. Because the Third Circuit looks to the applicable state's law to determine whether a claim has accrued, *Jones v. Chemetron Corp.*, 212 F.3d 199, 206 (3d Cir. 2000), Plaintiff briefed the issue according to Arizona claim-accrual law, arguing that the claims "[did] not accrue until the discovery . .

. of the facts constituting the fraud." (Dkt. # 35 at 7.) Applying Ninth Circuit law, however, the Court found that "[Plaintiff's] arguments about Arizona state law [were] inapposite" because the Ninth Circuit does not look to state claim-accrual law, but instead examines whether a claimant can "fairly or reasonably contemplate the claim's existence." (Dkt. # 45 at 13.)

In Plaintiff's Response to Defendants' motion to dismiss, Plaintiff should have briefed Ninth Circuit law. Plaintiff, however, chose to rely exclusively on the Third Circuit bankruptcy law and Arizona claim-accrual law. Accordingly, the Court need not reverse its prior ruling based on legal arguments Plaintiff raises for the first time in the Motion for Reconsideration.

In addition to making new legal arguments, Plaintiff also asserts factual arguments that are similar to those it previously made. For example, Plaintiff asserted in its Response to the motion to dismiss that the "fraud claims . . . arise from Pierre Foods' fraudulent representations regarding its intent to solicit [Plaintiff's] military customers, an intent that was concealed and could not be discovered until Pierre Foods had begun soliciting [Plaintiff's] customers." (Dkt. # 35 at 7–8.) In its Motion for Reconsideration, Plaintiff makes a very similar factual argument, albeit based now on Ninth Circuit law, arguing that its fraudulent inducement claim was "not . . . discovered until February 2009" when "Pierre Foods began openly shipping chicken wing product to military Prime Vendors." (Dkt. # 48 at 3.) The Court will not reassess when Plaintiff's awareness of its claims occurred based on a legal standard that Plaintiff did not previously identify.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Dkt. # 48) is **DENIED**.

DATED this 5th day of January, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -